# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class TIMOTHY J. JANEIRO, JR.**
**United States Army, Appellant**

ARMY 20120519

Headquarters, V Corps
Christopher T. Frederikson, Military Judge
Colonel Mark D. Maxwell, Staff Judge Advocate

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Susrut A. Carpenter, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief).

16 July 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of one specification of possession of child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for four months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error and personally submits matters pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982). One of the raised errors warrants discussion and relief. We conclude the military judge failed to elicit an adequate factual basis that appellant's possession of child pornography was prejudicial to good order and discipline. Appellant's remaining assignment of error and *Grostefon* matters lack merit.

**LAW AND DISCUSSION**

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial 910(e).

The government charged appellant with knowingly possessing child pornography, as defined by 18 U.S.C. § 2256(8), "which conduct was prejudicial to good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces." *See Manual for Courts–Martial, United States* (2008 ed.), pt. IV, ¶¶ 60.c.(2), (3), and (4). As our superior court recently reiterated, "[t]he three clauses of Article 134 constitute 'three distinct and separate parts.'" *United States v. Fosler*, 70 M.J. 225, 230 (C.A.A.F. 2011) (quoting *United States v. Frantz*, 2 U.S.C.M.A. 161, 163, 7 C.M.R. 37, 39 (1953)). It follows, then that "[v]iolation of one clause does not necessarily lead to a violation of the other clauses." *Id*. More specifically to the case before us, the court in *Fosler* went on to state that "disorders and neglects to the prejudice of good order and discipline" are not synonymous with "conduct of a nature to bring discredit upon the armed forces. . . ." *Id*. Thus, if a specification alleges both Clause 1 and 2, then there must be a substantial basis in fact in the record to support a finding of guilty to both.

Given the facts of this case, there is no question that appellant possessed images of child pornography. Moreover, the plea inquiry clearly established facts demonstrating that appellant's conduct was service-discrediting. However, the plea inquiry failed to elicit an adequate factual basis regarding the prejudicial effect of appellant's possession of child pornography on good order and discipline in the armed forces. Although the military judge properly defined the Clause 1 element of "prejudice to good order and discipline in the armed forces," and asked appellant to explain how his conduct violated the element, appellant's response was limited to the following:

> As a representative of the Army, Your Honor, and everything I do, me owning these images, it can upset trust in others and it will, in all honesty, upset them to a point where they might not trust me with a mission, Your Honor.

Furthermore, the stipulation of fact is completely silent as to this element. We therefore find a substantial basis in fact to question the providence of appellant's

plea to committing conduct prejudicial to good order and discipline in violation of Clause 1 of Article 134, UCMJ.

## CONCLUSION

On consideration of the entire record, as well as those matters personally raised by appellant pursuant to *Grostefon*, the court affirms only so much of the finding of guilty of The Charge and its specification as finds that appellant "did, at or near Wiesbaden, Germany, on or about 17 November 2011, knowingly possess a HP Laptop computer, containing images of child pornography as defined in Title 18 USC § 2256(8), which conduct was of a nature to bring discredit upon the armed forces." Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J 40 (C.A.A.F 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court